IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **MELVIN GOLDEN,** | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   No. 18-2630-SHM-tmp |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     Respondent. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court by order of reference is movant Melvin Golden's *pro se* application to proceed *in forma pauperis*. (ECF Nos. 7 & 8.) For the following reasons, the application should be denied.[1]

This matter was initiated on July 23, 2018, when Golden sent a letter to the presiding District Judge, which was filed in his closed criminal case in this court. (Crim. No. 12-20326, ECF No. 36.) On August 1, 2018, the court entered an order construing the letter as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ordered Golden to submit an amended motion on the official form, and directed the Clerk to mail Golden a copy of the official form. (ECF No. 40.)

_____

[1]This report and recommendation is filed pursuant to Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990) ("A district judge is free to refer a motion for pauper status to a magistrate [judge] and if the decision is to grant such a motion, the magistrate [judge] may enter such an order. If the decision is to deny, however, the magistrate [judge] must make such a recommendation to

The form was not mailed to Golden until September 13, 2018. Because the form was never returned completed, the court again ordered Golden to file an amended motion on October 31, 2018. (Civ. No. 18-2630, ECF No. 4 at 1.) The court also warned Golden that failure to comply would result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 2.) Because Golden did not comply or otherwise respond to the October 31, 2018 order, the court dismissed the case without prejudice for failure to prosecute on December 28, 2018. (ECF No. 5.) Golden neither filed a motion for leave to proceed *in forma pauperis* nor paid the civil filing fee prior to this action being dismissed.

On April 15, 2019, Golden submitted a "Memorandum of Law in Support of Motion of Criminal Rule 52 (B) – Plain Error." (Crim. No. 12-20326 ECF No. 41.) That filing was entered only on the criminal docket and is not reflected on the present civil docket. In it, Golden requests that the court "vacate his prior conviction and order a resentencing in his original sentencing court[.]" (Id. at 1.) The filing appears to lay out the merits of Golden's argument but it neither addresses the court's orders to submit a correct form nor offers any explanation for Golden's failure to timely comply with the court's orders. Golden filed the present "Application to Proceed In Forma Pauperis" on May 7, 2019. (ECF

---

the district judge who will then take final action.").

No. 7.)  The application details Golden's finances and includes a copy of his inmate trust account.  No notice of appeal has been filed.

As an initial matter, the court notes that the exact purpose of Golden's filing is unclear.  If Golden's intent was to file an initial application to proceed *in forma pauperis* in this already-dismissed civil action, such filing would be untimely and moot because the action has been dismissed for failure to prosecute.  To the extent Golden's intent was to file an application as part of an appeal to the district court's ruling dismissing his case for failure to prosecute *in forma pauperis*, such application likewise should be denied.

To appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  Brooks v. United States, No. 15-1166-JDT-cgc, 2018 WL 4431383, at *4 (W.D. Tenn. Sept. 14, 2018) (citing Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997)).  "Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit."  Jones v. United States, Civ. No. 14-1147-JDT-egb, 2016 WL 3566274, at *4 (W.D. Tenn. June 27, 2016) (citing Fed. R. App. P. 24(a)(1)).  The affidavit must: "show[] . . . the party's inability to pay or to give security for fees and costs,"

-3-

"claim[] an entitlement to redress," and "state[] the issues the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Failure to satisfy the technical requirements of Rule 24 is grounds for denying an application for leave to proceed *in forma pauperis*. See Fort v. Cilwa, No: 5:17-mc-12-Oc-JSM-PRL, 2018 WL 1659914, at *2 (M.D. Fla. Jan. 23, 2018) (denying motion for leave to appeal *in forma pauperis* because motion lacked both "the required affidavit showing his entitlement to redress and a statement of the issues that he intends to present on appeal"); Stevenson v. Fisher, No. 3:CV-12-0981, 2012 WL 5727305, at *2 (M.D. Penn. Nov. 15, 2012) (denying motion for leave to appeal denial of § 2254 petition *in forma pauperis* for, *inter alia*, failure to state the issues the party intended to present on appeal); Wentworth v. Haney, No. 06-61, 2007 WL 710165, at *1 (E.D. Ky. Mar. 7, 2007) (same); see also Howard v. ITT Fed. Servs. Intern. Corp., No. 2:13-cv-02851-SHL-tmp, 2014 WL 7338875, at *1 (W.D. Tenn. Dec. 22, 2014) (order adopting report and recommendation to deny motion for leave to appeal *in forma pauperis* because neither the affidavit nor notice of appeal stated the issues that the plaintiff intended to present on appeal).

Golden's application appears to satisfy the first prong of Rule 24(a) and arguably addresses the second, but it does not indicate in any way the issues he intends to present on appeal. Accordingly, to the extent that the filing could be construed as an

application for leave to appeal *in forma pauperis*, it does not comply with Federal Rule of Appellate Procedure 24(a) and should be denied on this ground.

    Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 16, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**